RULE REQUIRING DEPOSIT FOR COSTS IN ORIGINAL ACTIONS

In the Supreme Court of the State of Ohio October 13, 1925

It is ordered by the Court that the following rule be adopted, to be known as RULE II, SECTION 13 (c), and to become effective forthwith:

RULE II

SECTION 13 (c) At the time of filing the petition in an original action in this Court the plaintiff shall deposit with the Clerk the sum of $10.00 as security for the payment of costs, in addition to the General Docket Fee of $5.00.

---

## Weekly Abstract of PENDING CASES

No. 871

NIEBES v. SILVESTRO

No. 19282. Supreme Court

On motion to certify. Dock. July 22, 1925; 3 Abs. 466.

997. REAL ESTATE—When a real estate deal is placed in escrow and the instructions given the escrow agent are materially different than the intention of the parties as manifested by a written contract, can the court order a reversion to the preliminary negotiations, had before the parties entered into the written contract; and there, not finding clear and convincing evidence as to what was the intention of the parties, decree a superseding of the original written contract by the deed resulting from the escrow transaction?

This action was instituted in the Cuyahoga Common Pleas by Fred Niebes to reform a deed given to him by Michele and Emilia Silvestro on certain property located on Mayfield Road, Cleveland Heights. By the terms of the deed, Niebes as grantee, by the acceptance of the deed assumed and became personally liable for three mortgages encumbering the property at the time of the transfer.

It is claimed by Niebes that under the original written contract with the Silvestros, he was merely to take over the equity in the property subject to these mortgages, but was not to become personally liable for their payment; and that the deed was drawn so that he did by its terms assume them through the mistake of both parties and of the real estate agent representing them, as well as the mistake of one of the escrow officers of the Guarantee Title & Trust Co. which acted as escrow agent of both parties in carrying out the deal and scrivener, both of the escrow instructions and of the deed complained of.

It seems that in June 1922 foreclosure proceedings were instituted upon one of the mortgages which resulted in a judicial sale and a finding that there was a deficiency judgment upon the third mortgage of $7,470. The case was referred to a Referee who found that Niebes had "failed to establish by clear and convincing evidence that there was a departure in the deed from the real contract and agreement of sale between the parties, and he is not therefore entitled to the equitable relief sought and the petition should be dismissed." A motion for a new trial was made, but was overruled, the Court of Appeals affirming the Referee's report.

The case is in the Supreme Court and it is contended that there is error in the Referee's reasoning which sets forth that because the escrow instructions were inconsistent with the original contract, (Exhibit A) the court could or must go back of this contract to the preliminary negotiations and the oral contract or meeting of the minds of which Exhibit A is supposed to be the evidence; that thus going

back to such original contract and preliminary negotiations, it does not and cannot find by clear and convincing evidence what the real intent of the parties antedating Exhibit "A" was; that therefore Niebes failed to establish by the required degree of proof one essential element of his cause, namely, the preliminary contract departed from through mistake or fraud in the final effecuating agreement which he seeks to reform.

It is claimed that the contract made as a result of putting the deal in escrow cannot supersede the written contract because it must have been the intention of the parties to effectuate this procedure. It is claimed that the parties did not meet at the Abstract Co. to make a new contract, but met for the purpose to provide the means of carrying out the contract which they had already made.

It is claimed that "an agreement merely to take land subject to a specific encumbrance is not an agreement to assume and pay the encumbrance. The grantee of an equity of redemption, without words in the grant importing in some form that he assumes the payment of a mortgage does not bind himself personally to pay the debt."

Attorneys—White, Hammond, Brewer & Curtiss for Niebes; Nicola & Horn for Silvestro; all of Cleveland.